UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRADY HUGH TILLETT,

Petitioner,

v.

WARDEN, CALIFORNIA CITY IMMIGRATION PROCESSING CENTER, et al,

Respondents.

Case No. 1:26-cv-03828-JLT-HBK (HC)

ORDER DENYING PETITIONER'S MOTION TO APPOINT COUNSEL WITHOUT PREJUDICE

(Doc. 3)

ORDER GRANTING PETITIONER'S CONSTRUED MOTION FOR EXTENSION OF TIME AND DIRECTING RESPONDENT TO PROVIDE DUPLICATE COPY OF THE MOTION TO DISMISS

(Doc. 17)

Pending before the Court are Petitioner's motion to appoint counsel (Doc. 3) and "notice regarding delayed filing of Petitioner's reply." (Doc. 17). Petitioner, an immigration detainee in the custody of U.S. Immigration Customs and Enforcement (ICE) at the California City Detention Facility in California City, California, proceeds pro se on a petition for writ of habeas corpus under 28 U.S.C. § 2241. (Doc. 1, "Petition").

////

////

I. Motion to Appoint Counsel

Petitioner seeks appointed counsel because of the complexity of immigration law and his belief that the Petition has a strong likelihood of success. (Doc. 3 at 2). There is no constitutional right to counsel in federal habeas proceedings. *See Coleman v. Thompson*, 501 U.S. 722, 752 (1991); *Anderson v. Heinze*, 258 F.2d 479, 481 (9th Cir. 1958). Under the Criminal Justice Act, 18 U.S.C. § 3006A, however, the Court may appoint counsel for a financially eligible person seeking relief under § 2241 when "the interests of justice so require." *Id*. at § 3006A(a)(2)(B); see also *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir. 1984).

In determining whether appointment of counsel is warranted, the Court considers petitioner's likelihood of success on the merits and ability to articulate claims pro se in light of the legal issues' complexity. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). Appointment is also required if the Court authorizes discovery and counsel is necessary for effective discovery; or if the Court determines that an evidentiary hearing is warranted. *See* Rules 6(a) and 8(c); Rules Governing Section 2254 Cases[1]; *see also Terrovona v. Kincheloe*, 912 F.2d 1176, 1881 (9th Cir. 1990).

Petitioner has been granted leave to proceed *in forma pauperis*. (Doc. 5). This is Petitioner's second habeas petition. His first petition was granted, and the government was ordered to provide a bond hearing. Petitioner now challenges his continued detention and the constitutional adequacy of that hearing. (Doc. 1). To better evaluate Petitioner's claims, the Court directed Respondent to respond to the Petition (Doc. 7) and Respondents filed a motion to dismiss, with supporting records, on June 20, 2026. (Doc. 9). The case was reassigned to the undersigned on July 29, 2026. (Doc. 14). Petitioner has not yet filed an opposition or reply.

Based on the Petition, the motion to dismiss, and the existing record, appointment of counsel is not warranted at this time. The material facts are adequately developed, no evidentiary hearing is necessary, and additional briefing by appointed counsel is unlikely to materially assist

[1] The Rules governing section 2254 Cases may be applied to habeas petitions other than those brought under § 2254 at the Court's discretion. *See* Rule 1(b).

the Court. Petitioner's filings also demonstrate an adequate ability to present the relevant facts and legal arguments pro se. Accordingly, the interests of justice do not require appointment of counsel. The motion will be denied without prejudice to renewal if circumstances materially change.

II. Notice Regarding Delayed Reply

On August 10, 2026, Petitioner filed a "notice regarding delayed filing of Petitioner's reply." (Doc. 17). Although the certificate of service reflects that Respondents mailed Petitoner a copy of the motion to dismiss at his address of record (Doc. 9 at 9), Petitioner states he did not receive it. (*Id.*). The Court therefore construes the notice as a motion for extension of time.

Proceeding *in forma pauperis* waives only court filing fees; it does not entitle a litigant to free copies. *Martin v. McNut*, 2011 WL 4543039, at *1 (E.D. Cal. Sept. 28, 2011). Nor does pro se status entitle a litigant to complimentary copies. *Blair v. CDCR*, 2018 WL 1959532, at *6 fn. 2 (E.D. Cal. Apr. 25, 2018). Nonetheless, to ensure that Petitioner receives the motion to dismiss and to expedite this matter, the Court will direct Respondents to serve Petitioner with a duplicate copy of their June 20, 2026 motion.

////

Accordingly, IT IS ORDERED**:**

1. Petitioner's motion to appoint counsel (Doc. 3) is DENIED without prejudice.
2. Petitioner's construed motion for extension of time (Doc. 17) is GRANTED.
3. Within ten (10) days after this Order is docketed, Respondents shall serve Petitioner with a duplicate copy of the June 20, 2026 motion to dismiss (Doc. 9) and file a notice of mailing.
4. Petitioner shall file an opposition or statement of non-opposition within twenty-one (21) days after service of the duplicate motion.
5. Respondents may file a reply no later than seven (7) days after Petitioner files an opposition or statement of non-opposition.
6. Failure to comply with this Order may be construed as a waiver of opposition to the motion to dismiss under Local Rule 230(l) and may result in dismissal as a sanction for

failing to prosecute this action or comply with a Court order under Local Rule 110.

Dated: August 19, 2026

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE